IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALFREDO DIAZ-GOMEZ, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) CASE NO. 2:10-cv-1038-MEF |
| | ) (WO) |
| CAPITOL FARMER'S MARKET, INC. | ) |
| d/b/a CAPITOL SUPERMARKET, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiffs' unopposed Motion to Dismiss Without Prejudice, Doc. #14, and Plaintiffs' opposed Motion to Amend/Correct Complaint, Doc. #15.  For the reasons stated below, these motions are due to be granted.

**I.  Plaintiffs' Motion to Dismiss Without Prejudice**

Plaintiffs filed this motion on September 30, 2011, seeking to dismiss, without prejudice, named plaintiffs Pablo Lopez-Luna, Baudilio Santizo-Velasco, and Sabino Chilel-Cruz from this lawsuit.  Doc. #14.  On October 3, this Court ordered Defendants to show cause by October 14 as to why this motion should not be granted.  Doc. #17.  Defendants have not responded to the Court's show cause order, and the motion to dismiss these plaintiffs is therefore due to be granted.

1

## II.  Plaintiffs' Motion to Amend/Correct Complaint

Also on September 30th, Plaintiffs filed a motion to amend their original complaint to include as plaintiffs five individuals whom the named Plaintiffs became aware of over the course of discovery.  Doc. #15.  On October 3rd, this Court ordered Defendants to show cause as to why this order should not be granted.  Doc. #17.  Defendants responded on October 13, Doc. #18, objecting to Plaintiffs' motion.

Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  The rule instructs that "leave shall be freely given when justice so requires." *Id.*  The decision whether to grant leave to amend is in the discretion of the district court. *See Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1080 (11th Cir. 2003) ("We review a district court's denial of a motion to amend for abuse of discretion."). Additionally, the Supreme Court has instructed that "in the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In *Foman*, the Supreme Court noted "undue prejudice to the opposing party by virtue of allowance of the amendment" as one "apparent or declared reason" for which a district court might deny a motion to amend a complaint. *Id.*

Here, Defendants argue they would be unduly prejudiced by the addition of five plaintiffs to the lawsuit at this stage of the litigation.  Doc. #18 at 3.  Defendants point to an

email from Plaintiffs' counsel dated August 19, 2011.  Doc. #18-1.  The email indicated that the very individuals Plaintiffs now seek to add to this lawsuit could be "ignored" for the purposes of discovery because these individuals were "never added to the complaint."  Doc. #18-1 at 1.  Thus, Defendants argue, Plaintiffs should not be able to add these individuals now.  This Court disagrees.

Plaintiffs filed their Motion to Amend within the deadline set by this Court for such amendments.  Section 4 of the Court's Uniform Scheduling Order specifically dictates that "[a]ny motions to amend the pleadings *and to add parties* shall be filed on or before September 30, 2011."  Doc. #12 at 2 (emphasis added).  Plaintiffs filed their motion on September 30.  Doc. #15.  Under the liberal standard set forth in Rule 15(a), Plaintiffs' Motion to Amend/Correct Complaint is therefore due to be granted.

Accordingly, it is hereby ORDERED that:

(1) Plaintiffs' Motion to Dismiss Pablo Lopez-Luna (a/k/a Luis Troche Matos), Baudilio Santizo-Velasco, and Sabino Chilel-Cruz, Doc. #14, is hereby GRANTED and these plaintiffs are to be DISMISSED WITHOUT PREJUDICE.

(2) Plaintiffs' Motion to Amend/Correct Complaint, Doc. #15 is hereby GRANTED. Plaintiffs' are hereby ORDERED to file an amended complaint by **November 8, 2011.**

DONE this the 1st day of November, 2011.

                                        /s/ Mark E. Fuller
                                    UNITED STATES DISTRICT JUDGE