IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALFREDO DIAZ-GOMEZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 2:10-cv-1038-MEF |
| ) | (WO) |
| CAPITOL FARMER'S MARKET, INC. ) | |
| d/b/a CAPITOL SUPERMARKET, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendants' Motion to Continue, Doc. #21, Motion for More Definite Statement, Doc #22, and Motion to Dismiss, Doc. #23. For the reasons stated below, the Motion to Continue is due to be granted, while the other two motions are due to be denied.

On September 30, 2011, Plaintiffs filed a motion to amend their complaint, Doc. #15, seeking to dismiss three plaintiffs from the suit and to add five new individuals as plaintiffs. Doc. #15-1. The Court granted this motion on November 1, 2011. Doc. #19. On November 2, 2011, Defendants filed the three motions at issue here. These motions will be taken up in turn.

**I. Motion to Continue**

On November 7, the Court ordered that the Plaintiffs show cause as to why the motion to continue should not be granted Doc. #24. Plaintiff's responded on November 10, Doc. #25.

1

In their response, Plaintiffs argue that, based on the agreed upon deadline for amending pleadings contained in the parties' Report of Rule 26(f) Planning Meeting, Doc. #11, and the fact that Plaintiffs filed their motion to amend before that deadline, that Defendants "would thus seem estopped from complaining about the agreement they entered into regarding this deadline." Doc. #25 at 2. The Court disagrees.

Plaintiffs point to no law to support their position that defendants should be estopped from "complaining" about the addition of five plaintiffs to a lawsuit after the close of discovery. While the Court acknowledges that Plaintiffs had a right to amend their complaint when they did, Defendants have a right to seek discovery regarding the new defendants before proceeding to trial. *See* Fed. R. Civ. P. 6(b). As such, Defendants motion to Continue is due to be granted.

## II. Motion to Dismiss

Defendants make the following three arguments in support of their motion to dismiss:

1. Amended complaint fails to state dates and times that allegded [sic] plaintiffs worked for the defendants.
2. Amended complaint fails to state what if any monies the plaintiffs are claiming from the defendants.
3. Amended complaint fails to state a claim upon which relief can be granted.

Doc. #23 at 1-2.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "detailed factual allegations," but must include

2

enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Here, each of the Plaintiffs allege in the Amended Complaint that they are currently employed by Defendants. Doc. #15-1 at 2-3. This is contrary to Defendants' claims that the Amended Complaint fails to state the dates that the "allegded [sic] plaintiffs worked for the defendants." Doc. #23 at 1. To the extent that Defendants' intend to argue that the Amended Complaint does not state the specific dates on which Plaintiffs claim to have worked without proper compensation, this information can be obtained through the discovery process. The same is true of Defendants' claims that the Amended Complaint does not state "what if any monies the plaintiffs are claiming from the defendants." *Id.*

Additionally, the Court disagrees with Defendants' final argument in support of its motion to dismiss, that the Amended Complaint fails to state a claim upon which relief can be granted. Contrary to Defendants' unsupported assertion, the Amended Complaint clearly makes a claim for two violations of the Fair Labor Standards Act. If Plaintiffs prevail on these claims, there are very clear legal remedies available under the statute. *See* 29 U.S.C. § 216.

Finally, with respect to both this motion and the motion for more definite statement discussed below, the Court notes that the allegations in the Amended Complaint are no more and no less detailed than the allegations in the original Complaint. *Compare* Doc. #1, *with* Doc. #15-1. Indeed, the language describing the named Plaintiffs and the allegations in the two documents are identical. Based on the language in the original complaint, Doc. #1,

3

which Defendants' now claim is insufficiently detailed when used in the Amended Complaint, Defendants were able to compile sufficient "documentation and records of all the original plaintiffs" to defend against this suit with "proper documentation to prove that defendant has properly paid plaintiffs and does not owe anything." Doc. #18 at 2. The Court sees no reason why, after additional discovery, Defendants would not be able to produce the necessary documentation, if such documentation exists, to defend against the allegations by the Plaintiffs added by the Amended Complaint.

### III.  Motion for More Definite Statement

Defendants make the following three arguments in support of their motion to dismiss:

> 1.  Amended complaint fails to state dates and times that alleged plaintiffs worked for the defendants.
> 2.  Amended complaint fails to state the hours the alleged plaintiffs worked and/or did not get paid for.
> 3.  Amended complaint fails to state what if any overtime pay they are claiming they were not paid
> 4.  Amended complaint fails to state what if any monies the plaintiffs are claiming from the defendants.

Doc. #22 at 1-2.

Defendants' first and fourth arguments are addressed in the discussion of the motion to dismiss, *supra* Part II, wherein the Court stated that this information would come to light in the course of additional discovery. Defendants' first and second arguments are ineffectual for the same reasons. All information Defendants claim is necessary to mount a defense should become available through the discovery process.

4

For the reasons stated above, it is hereby ORDERED that

1. Defendants' Motion to Continue, Doc. #21, is hereby GRANTED. The Court has issued a new scheduling order to this effect.

2. Defendants' Motion to Dismiss, Doc. #23, is DENIED.

3. Defendants' Motion for More Definite Statement, Doc. #22, is DENIED.

DONE this the 2nd day of December, 2011.

                                                    /s/ Mark E. Fuller
                                            UNITED STATES DISTRICT JUDGE